## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REBECCA FELTS                                    )
3204 Weeping Willow Court, #33                   )
Silver Spring, MD 20906                          )
                                                 )
        Plaintiff,                               )
                                                 )
v.                                               )   Civil Action No. 1:21-cv-00656
                                                 )
ARK POTOMAC d/b/a SEQUOIA                        )   **JURY TRIAL DEMANDED**
RESTAURANT                                       )
500 W. Madison Street, Suite 2800,               )
Chicago, IL 60661                                )
                                                 )
        Defendant.                               )
                                                 )

## COMPLAINT

1.      The plaintiff is a former employee of the defendant, and she brings this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) and as both a collective and class action pursuant to the District of Columbia Minimum Wage Act (DCMWA), D.C. Code § 32-1012, against the defendant on behalf of herself and all others similarly situated because of defendant's unlawful deprivation of plaintiff's rights to overtime compensation and the minimum wage. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 et seq., and the DCMWA, D.C. Code § 32-1001, et. seq.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a). Venue lies within this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

3.      Plaintiff Rebecca Felts was employed by defendant from July 1, 2017 until October 14, 2019 at Sequoia Restaurant, operated by defendant Ark Potomac, located in Washington, DC. Plaintiff has given her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b). Her consent is appended to this Complaint as Exhibit A. Plaintiff brings this action as a collective action on behalf of herself and all others similarly situated in accordance with 29 U.S.C. § 216(b) and the DCMWA. Plaintiff also brings this action as a class action on behalf of herself and the class defined below in accordance with Fed. R. Civ. P. 23 and the DCMWA.

4.      Defendant Ark Potomac is a corporation headquartered at 500 W. Madison Street, Suite 2800, Chicago, IL 60661. Defendant Ark Potomac does business in the District of Columbia under the trade name "Sequoia Restaurant," and its registered agent for service of process in the District of Columbia is Corporate Creations Network, Inc., 1629 K Street, N.W., #300, Washington, D.C., 20006.

5.      Defendant Ark Potomac is an "employer" within the meaning of 29 U.S.C. §203(d), and D.C. Code § 32-1002(3). Defendant is also a "person" within the meaning of 29 U.S.C. § 203(a).

6.      At all times material to this action, defendant Ark Potomac has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and its annual dollar business volume has exceeded $500,000.

7.      At all times material herein, defendant Ark Potomac has been actively conducting business in the District of Columbia.

**COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA AND DCMWA**

8. Defendant has violated the provisions of the FLSA and DCMWA, resulting in damages to plaintiff and those similarly situated to plaintiff in the form of unpaid wages, incurred and incurring costs, and reasonable attorneys' fees.

9. As a result of the minimum wage and overtime pay violations of the FLSA and DCMWA, plaintiff, as well as those similarly situated to plaintiff, have suffered damages by failing to receive their lawful wages during their tenure of employment with defendant. In addition to the amount of unpaid wages owing to the plaintiff and those similarly situated to the plaintiff, they are also entitled to an additional amount as liquidated damages pursuant to 29 U.S.C. 216(b). Under D.C. Code § 32-1012(b)(1) and D.C. Code § 32-1308(1)(A)(ii), plaintiff and all those similarly situated to plaintiff are entitled to an additional amount equal to three times the amount of unpaid wages as liquidated damages owing to plaintiff and those similarly situated.

10. Plaintiff and those similarly situated to the plaintiff are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(c).

11. Defendant's actions in failing to compensate the plaintiff and other similarly situated employees of defendant in accordance with the provisions of the FLSA and DCMWA were willful and not in good faith.

12. There are numerous other similarly situated employees and former employees of defendant who have been improperly compensated in violation of the FLSA and DCMWA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Specifically, all employees and former employees of defendant who have been employed by the defendant as servers at Sequoia Restaurant should receive notice and the opportunity to join the present lawsuit.

## CLASS ACTION FOR VIOLATIONS OF THE DCMWA

13.     Defendant has violated the provisions of the DCMWA, resulting in damages to plaintiff and all class members in the form of unpaid wages, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

14.     The DCMWA permits class actions. D.C. Code § 32-1012(a); D.C. Code § 32-1308(a)(1)(C).

15.     The Class is defined as follows: All individuals employed as servers by defendant at Sequoia Restaurant on an hourly basis who earned tips at any time within the past three years.

16.     Upon information and belief, there are in excess of 100 members of the Class. Thus, the Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, class members are known to defendant, are readily identifiable, and can be located through defendant's work and payroll records.

17.     There are questions of law and fact common to the members of the Class, including but not limited to whether the defendant violated the DCMWA by failing to pay plaintiff and all class members at the applicable minimum wage and for all hours worked in excess of 40 in a workweek at the rate of one and one-half times the applicable minimum wage.

18.     Other common questions of law and fact include, but are not limited to:

   (a) Whether as a result of the minimum wage and overtime pay violations of the DCMWA, the plaintiff, as well as all members of the Class, have suffered damages by failing to receive their lawful wages during their tenure of employment with defendant and are entitled to an additional amount equal to three times the amount of unpaid wages pursuant to D.C. Code § 32-1012(b)(1); D.C. Code § 32-1308(1)(A)(ii).

(b) Whether as a result of the minimum wage and overtime pay violations of the DCMWA, the plaintiff and the members of the Class are also entitled to an award of attorneys' fees;

(c) Whether defendant's actions in failing to compensate the plaintiff and other members of the Class in accordance with the provisions of the DCMWA were not in good faith.

19.     The claims of plaintiff are typical of all members of the Class. The plaintiff has the same interests in this matter as all members of the Class.

20.     The plaintiff is an adequate class representative, is committed to pursuing this action, and in the undersigned attorneys have retained competent counsel experienced in wage and hour law and class action litigation.

## FACTS

21.     Defendant owns and operates Sequoia Restaurant in Washington, D.C.

22.     Plaintiff was employed by defendant at Sequoia Restaurant as a server from July 1, 2017 until October 14, 2019.

23.     At all times relevant herein, defendant employed the tip credit when paying plaintiff and those similarly situated.

24.     While working for defendant, plaintiff and those similarly situated were required to purchase equipment and tools of the trade, for use while at work, including, but not limited to, black wand lighters and pens.

25.     While working for defendant, plaintiff and similarly situated servers were required to spend seven or more hours each workweek alongside catering staff moving furniture, including tables and chairs, while the restaurant was closed, in preparation for catered events. For example,

on Sundays, servers cleaned the State Room and rebuilt it to accommodate catering events for the week ahead.

26.    Servers were paid the tipped minimum wage for all hours of work including the time spent setting up the restaurant with the catering staff for catered events. Defendant paid the catering staff $28 per hour for this same work.

27.    Additionally, for each Saturday and Sunday shift, defendant required plaintiff and similarly situated servers to perform non-tipped work prior to, during and after their regular shifts at the tipped minimum wage.

28.    Prior to weekend shifts, defendant required servers to engage in pre-shift activities for one hour to build up the dining room and outdoor seating area for brunch service, including but not limited to polishing champagne flutes and moving tables and chairs to accommodate the volume of large reservations.  Plaintiff and members of the Class were paid the tipped minimum wage for these non-tipped activities.

29.    Defendant required plaintiff and similarly situated servers to perform non-tipped work when the restaurant is closed between 3:00 p.m. and 5:00 p.m. to transition entire sections of the restaurant from brunch service to dinner service. During this time, defendant requires servers to perform non-tipped duties, including but not limited to breaking down and rearranging large tables and sweeping the floor to accommodate the dinner demand.  Plaintiff and members of the Class were paid the tipped minimum wage for these non-tipped work activities.

30.    Following their shifts, defendant required plaintiff and similarly situated servers to engage in close-out duties for approximately one hour per shift. Such close-out duties include but are not limited to resetting tables and cleaning and setting up the restaurant for the next day. On Mondays, servers were required to move all dirty chairs to the State Room for cleaning after all

patrons left the building. This activity took approximately one hour. The next morning, servers moved the chairs back to the main dining room floor before their shifts. Plaintiff and those similarly situated were paid the tipped minimum wage for these non-tipped work activities.

31.     During all times material herein, plaintiff and those similarly situated spent more than 20% of their work time during one or more workweeks engaged in non-tipped work including during times that the restaurant was closed to patrons.

32.     Defendant did not compensate plaintiff and similarly situated employees for all hours worked over 40 in a workweek at the proper overtime rate.

**COUNT ONE**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

33.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 32 above.

34.     At all times material herein, plaintiff and similarly situated servers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

35.     For the past three years, and prior, defendant has applied a "tip credit" pursuant to 29 U.S.C. 203(m) toward the minimum wage owed to plaintiff and other persons employed as servers at Sequoia Restaurant.

36.     At all times material herein, plaintiff and similarly situated servers worked in excess of the hourly levels for overtime compensation specified in the FLSA, 29 U.S.C. § 207. As a result, at all times material herein, plaintiff and similarly situated servers have been entitled to overtime compensation at a rate of not less than one- and one-half times the applicable minimum wage for the hours of overtime they have worked.

37.     For the past three years, and prior, defendant has consistently denied plaintiff and similarly situated employees the minimum wage and overtime compensation to which they are entitled under the FLSA by:

(a) Requiring plaintiff and similarly situated servers to purchase items or tools required to be used in performing their job such as pens and wand lighters;

(b) Applying the tip credit to the plaintiff and similarly situated servers' work hours when they were not working as servers, but alongside caterers, moving furniture in preparation of catered events;

(c) Applying the tip credit to the plaintiff and similarly situated servers' work hours when they perform duties for which they cannot earn tips including time they spend sweeping, cleaning, and preparing the restaurant for service before, during and at the end of their regular shifts; and

(d) Failing to pay plaintiff and similarly situated servers one and one-half times the applicable minimum wage for hours worked over 40 hours in a workweek.

38.     At all times material herein, defendant has utilized a tip credit to pay plaintiff and similarly situated servers the minimum wage to which they have been entitled under 29 U.S.C. § 206(a)(1).

39.     29 U.S.C. § 206(a)(1) provides that, at various times applicable to this case, employees shall be paid a wage rate of not less than $7.25 per hour. 29 U.S.C. § 203(m) provides that a tipped employee shall be paid a wage of not less than $2.13 per hour and that an employer may apply a tip credit for tips actually received between the wage the employer pays and the applicable minimum wage. At all times material herein, defendant has violated, and continues to

violate, 29 U.S.C. § 206(a)(1) by failing and refusing to compensate plaintiff and similarly situated servers the required minimum wage.

40.     Defendant has deprived the plaintiff and other similarly situated employees of the minimum wage by requiring them to purchase equipment used primarily for the benefit of the employer. This results in a wage less than that to which plaintiff and similarly situated servers are entitled under law – i.e., less than the minimum wage.

41.     Defendant has deprived the plaintiff and other similarly situated employees of the minimum wage by improperly applying the tip credit to hours of work in which plaintiff and similarly situated employees are not working as tipped servers. These hours include time spent moving furniture while the restaurant is closed in preparation for catered events.

42.     Defendant has deprived the plaintiff and other similarly situated employees of the minimum wage by improperly applying the tip credit to hours of work in which plaintiff and similarly situated servers cannot earn tips. These hours include, but are not limited to, time spent cleaning and preparing the restaurant for service before, during and after their regular shifts.

43.     Defendant has deprived the plaintiff and other similarly situated employees of overtime compensation mandated under the FLSA by failing to pay overtime at the rate of one and one-half times their regular rates of pay by, *inter alia*, failing to compensate them at time and one half the minimum wage for time spent performing caterer duties and for time spent performing non-tipped work in workweeks in which they worked in excess of 40 hours. This violates the overtime requirements of section 207(a) of the FLSA, 29 U.S.C. § 207(a).

44.     Defendant's violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

9

45.     As a result of the aforesaid willful violations of the FLSA, compensation has been

unlawfully withheld by defendant from plaintiff and similarly situated persons for which the

defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as

liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

46.     The employment and work records for the plaintiff and similarly situated

employees are in the exclusive possession, custody, and control of defendant, and plaintiff is

unable to state at this time the exact amount owing to each of them. Defendant is under a duty

imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain

and preserve plaintiff's payroll and other employment records from which the amounts of the

defendant's liability can be ascertained.

## COUNT TWO

## VIOLATION OF THE DISTRICT OF COLUMBIA MINIMUM WAGE ACT

47.     Plaintiff repeats and incorporates by reference the allegations set forth in

Paragraphs 1 through 46 above.

48.     At all times material herein, plaintiff and similarly situated servers have been

entitled to the rights, protections, and benefits provided under the DCMWA, D.C. Code § 32-1001,

et. seq.

49.     For the past three years, and prior, defendant has applied a "tip credit" pursuant to

D.C. Code § 32-1002(4) toward the minimum wage owed to plaintiff and other persons employed

as servers at Sequoia Restaurant.

50.     At all times material herein, plaintiff and all members of the Class have worked in

excess of the hourly levels for overtime compensation specified in the DCMWA, D.C. Code § 32-

1003(c). As a result, at all times material herein, plaintiff and all members of the Class have been

entitled to overtime compensation at a rate of not less than one- and one-half times the minimum wage for the hours of overtime they have worked.

51.     For the past three years, and prior, defendant has consistently denied plaintiff and all members of the Class the minimum wage and overtime compensation to which they are entitled under the DCMWA by:

(a) Requiring plaintiff and all members of the Class to purchase items or tools required to be used in performing their job such as pens and wand lighters;

(b) Applying the tip credit to the work hours of plaintiff and all members of the Class to hours of work in which they are not working as servers, including time spent moving furniture while the restaurant is closed in preparation for catered events;

(c) Applying the tip credit to the work hours of plaintiff and all members of the Class when they perform duties for which they cannot earn tips including time they spend sweeping, cleaning, and preparing the restaurant for service before, during and at the end of their shifts; and

(d) Failing to pay plaintiff and all members of the Class one- and one-half times the minimum wage for hours worked over 40 hours in a workweek.

52.     At all times material herein, defendant has utilized a tip credit to pay plaintiff and all members of the Class the minimum wage to which they have been entitled under D.C. Code § 32-1002(4).

53.     At various times applicable to this case, DCMWA has provided, pursuant to D.C. Code § 32-1003, differing minimum wage rates. Prior to July 1, 2018, the minimum wage was $12.50 per hour. From July 1, 2018 to June 30, 2019, the minimum wage was $13.25 per hour.

From July 1, 2019 to June 30, 2020, the minimum wage was $14.00 per hour. Since July 1, 2020, the minimum wage has been $15.00 per hour. Prior to July 1, 2018, the minimum wage for employees who receive gratuities was $3.33 per hour. From July 1, 2018 to June 30, 2019, the tipped minimum wage was $3.89 per hour. From July 1, 2019 to June 30, 2020, the tipped minimum wage was $4.45 per hour. Since July 1, 2020, D.C. Code § 32-1003(f) has provided that a tipped employee shall be paid a wage of not less than $5.00 per hour and that an employer may apply a tip credit for tips actually received between the wage the employer pays and the applicable minimum wage. At all times material herein, defendant has violated, and continues to violate, D.C. Code § 32-1003 by failing and refusing to compensate plaintiff and all members of the Class the required minimum wage.

54.     Defendant has deprived the plaintiff and all members of the Class of the minimum wage by requiring them to purchase equipment and tools of the trade used primarily for the benefit of the employer. This results in a wage less than that to which plaintiff and similarly situated employees are entitled under law – i.e., less than the minimum wage.

55.     Defendant has deprived the plaintiff and all members of the Class of the minimum wage by improperly applying the tip credit to hours of work in which they are not working as servers. These hours include time spent moving furniture while the restaurant is closed in preparation for catered events.

56.     Defendant has deprived the plaintiff and all members of the Class of the minimum wage by improperly applying the tip credit to hours of work in which they cannot earn tips. These hours include, but are not limited to, time spent cleaning and preparing the restaurant for service before, during and at the end of their regular shifts.

57.     Defendant has also deprived the plaintiff and all members of the Class of overtime compensation mandated under the DCMWA by failing to pay overtime at the rate of one and one-half times their regular rates of pay by, *inter alia*, failing to compensate them at one and one-half times the minimum wage for time spent performing caterer duties and for time spent performing non-tipped work. This violates the overtime requirements of D.C. Code § 32-1003(c).

58.     Defendant's violations of the DCMWA as alleged herein have been done in a willful and bad faith manner.

59.     As a result of the aforesaid willful violations of the DCMWA, compensation has been unlawfully withheld by defendant from plaintiff and all members of the Class, for which the defendant is liable, together with an additional amount equal to three times the unpaid wages as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action. D.C. Code § 32-1012(b)(1); D.C. Code § 32-1308(1)(A)(ii).

60.     The employment and work records for the plaintiff and all members of the Class are in the exclusive possession, custody, and control of defendant, and plaintiff and all members of the Class are unable to state at this time the exact amount owing to each of them. Defendant is under a duty imposed by D.C Code § 32-1008 to maintain and preserve employees' payroll and other employment records from which the amounts of the defendant's liability can be ascertained.

## **PRAYER FOR RELIEF**

Wherefore, the plaintiff prays that this Court grant relief against the defendant as follows:

(a)     Enter a declaratory judgment declaring that the defendant has willfully and wrongfully violated its statutory and legal obligations and deprived plaintiff and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b)     Order a complete and accurate accounting of all the compensation to which the plaintiff, all others who are similarly situated and the Class Members are entitled;

(c)     Award plaintiff and all others who are similarly situated, monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal law equal to their unpaid compensation;

(e)     Award plaintiff, all others who are similarly situated, and all members of the Class monetary damages in the form of back pay compensation and benefits; unpaid entitlements; an additional amount equal to three times the amount of unpaid wages as liquidated damages; and attorneys' fees and costs under D.C. Code § 32-1012(b)(1) and D.C. Code § 32-1308(1)(A)(ii);

(h)     Award plaintiff, all those similarly situated, and all members of the Class their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(i)     Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial in this action.

Dated: March 11, 2021                          Respectfully submitted,

_/s/ Molly A. Elkin_
Molly A. Elkin (D.C. Bar No. 450295)
Sarah M. Block (D.C. Bar No. 1026577)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
smb@mselaborlaw.com

_Attorneys for Plaintiff_
