**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

REBECCA FELTS et al.,

      *Plaintiffs*,

     v.

ARK POTOMAC CORPORATION d/b/a
SEQUOIA RESTAURANT,

      *Defendant*.

Civil Action No. 21-656 (TJK)

**MEMORANDUM**

On September 17, 2021, Plaintiffs moved for approval of their settlement of this case, brought under the Fair Labor Standards Act ("FLSA") and the District of Columbia Minimum Wage Act ("DCMWA"). *See* ECF No. 18. Shortly afterward, Plaintiff Rebecca Felts contacted the Court ex parte by phone and email and informed the Court that she objected to certain aspects of the settlement agreement. *See* Minute Order of October 4, 2021. The Court disclosed those communications to the parties and held a telephonic status conference, in which Felts participated. *See* Minute Entry of October 18, 2021. During the status conference, Plaintiffs' counsel noted that she might need to move to withdraw as counsel for Felts. Tr. 15:3–17. The Court thus scheduled another status conference to give Plaintiffs' counsel time to confirm whether she felt she could keep representing Felts, and to establish a schedule for Felts to explain her objections to the Court in writing. On November 5, 2021, Plaintiffs' counsel renewed a previously withdrawn motion to withdraw as counsel for Felts. *See* ECF No. 21. After considering Felts's objections to counsel's withdrawal, the Court granted the motion.[1] *See* ECF No. 25. In the order granting the motion to

---

[1] Felts replied to Plaintiffs' counsel's response to Felts's objections on November 26, 2021. *See*

withdraw, the also Court ordered Felts to file, by December 3, 2021, either (1) a status report addressing the status of any search she might undertake for new counsel or (2) a document setting forth her objections to the proposed settlement agreement. *Id.* at 3. Felts filed a notice that she would be proceeding pro se, ECF No. 30, and a document setting forth her objections to the proposed settlement agreement, ECF No. 31; *see also* ECF Nos. 27 & 34. The other plaintiffs responded to the objections. *See* ECF No. 33. For the reasons explained below, the Court will grant the motion to approve the settlement agreement over Felts's objections.

## I.      Legal Standard

The FLSA "does not expressly mandate that parties even obtain judicial approval of agreements that settle FLSA claims." *Stephens v. Farmers Restaurant Grp.*, 329 F.R.D. 476, 486 n. 2 (D.D.C. 2019). But because the parties have asked the Court to review their settlement, it will do so. In considering such requests, first, courts look to whether the settlement resolves a "bona fide dispute." *Id.* at 486. Second, the Court analyzes whether the settlement is fair, although courts disagree as to whether to apply the framework for reviewing class-action settlements under Rule 23(e) or a more flexible approach that looks at the totality of the circumstances, including whether the settlement "was the product of overreaching by the employer," whether the agreement resulted from "arm's length bargaining," and "whether there exist serious impediments to the collection of a judgment by the plaintiffs." *Id.* at 487 (cleaned up). There is a "strong presumption in favor of finding a settlement fair." *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 133 (D.D.C. 2014) (cleaned up).

---

ECF No. 29. But the reply was not docketed until December 17, 2021, after this Court granted Plaintiffs' counsel's motion to withdraw. *See* ECF No. 25. Felts's arguments in reply, however, do not change this Court's rationale. Given the irreconcilable differences and conflict of interests, Plaintiffs' counsel's withdrawal was appropriate under Local Civil Rule 83.6.

**II.      Analysis**

Upon consideration of the motion, ECF No. 18, accompanying memorandum of law, ECF No. 18-1, settlement agreement, ECF No. 18-2, and declaration, ECF No. 18-3, as well as Felts's objections, ECF Nos. 27, 31, 34, the other plaintiffs' response to Felts's objections, ECF No. 33, and the record as a whole, the Court finds that the settlement resolves a bona fide dispute over minimum wage and overtime pay and passes muster under either standard for evaluating fairness.

To start, the parties agree that there was a bona fide dispute.  Plaintiffs here (including Felts) claim that "Defendant failed to properly compensate Plaintiffs with the required minimum wages and overtime pay."  ECF No. 18-1 at 5.  And Defendant "vigorously denies the Plaintiffs' claims."  *Id.*  This settlement resolves the parties' disagreement.

The settlement is also fair, for several reasons.  First, the parties negotiated at arm's length through good-faith discussions with help from competent, experienced counsel.  ECF No. 18-1 at 6.  To be sure, at one point during those discussions, there was a question about whether Felts would be included in the settlement, as well as whether Plaintiffs' counsel would continue to represent her.  According to Plaintiffs' counsel, although Felts had agreed to the terms of the settlement in writing, she stopped communicating with counsel for months, and so counsel and the other plaintiffs planned to move forward with trying to persuade Defendant to settle on the same terms without her.  ECF No. 22 at 2; ECF No. 34-2 at 2.  Plaintiffs' counsel explained this to Felts, as well as the potential repercussions of her not signing the settlement agreement.  ECF No. 22 at 2–3; ECF No. 34-2 at 2.  Counsel also informed Felts that, given the damaged relationship, counsel would be moving to withdraw from representing her.  ECF No. 22 at 3.  But Felts got back to counsel and said that "she would 'immediately' sign the agreement" if certain changes were made.

*Id.* They were, and so Felts signed on. *Id.* Felts now says she signed "reluctantly" because Plaintiffs' counsel were threatening to withdraw. ECF No. 27 at 1. But given the issues described in this Court's order granting counsel's motion to withdraw, ECF No. 25, counsel's "ultimatum" was nothing untoward, ECF No. 27 at 1. Counsel presented Felts with a choice, and Felts chose to sign the settlement agreement. And the parties to that agreement acknowledged "that they [had] entered into the Agreement *freely and voluntarily*, without threats or coercion of any kind by any one[.]" ECF No. 18-2 at 2 (emphasis added). Beyond that, the Court notes that Plaintiffs' counsel managed to get Felts the specific changes Felts had asked for to sign the agreement. *Id.* at 3. From the Court's perspective, this only confirms that the parties negotiated in good faith and with help from knowledgeable and diligent counsel who were involved every step of the way.

Second, the terms are reasonable in relation to the strength of the case. ECF No. 18-1 at 6–7. Indeed, the parties could make informed decisions about what was reasonable since they exchanged informal discovery and were thus able to evaluate the strengths of their positions. *Id.* at 2. Based on the record before the Court, the settlement reflects the strengths of Plaintiffs' case as well as its weaknesses, and the settlement provides reasonable "discounts" based on those weaknesses, *id.* at 7. The Court notes that although Felts now objects to the agreement, that she signed it after counsel negotiated her requested changes suggests that she found the terms reasonable then. To be sure, Felts now argues that the "liquidated damages" are "undervalued for this settlement" because at one point she complained to her employer about having to do side work. ECF No. 31 at 2. Thus, she argues, Defendants knew about their alleged violations of the law. *Id.* But as Plaintiffs' counsel notes, "the availability of liquidated damages was a strongly disputed issue amongst the Parties." ECF No. 33 at 4. Ultimately, "an award of liquidated damages was not guaranteed, nor was the amount of any award of liquidated damages guaranteed." *Id.* And Felts

does not explain why her judgment about the likelihood of winning them at trial should be given

greater weight than that of her experienced counsel.

Third, the settlement "provides total damages closer to that asserted by the plaintiffs than

the defendants," strongly suggesting that it is fair.  ECF No. 18-1 at 8 (quoting *Carrillo*, 51 F.

Supp. 3d at 133).  The parties explain that the settlement "provides 100% of the backpay owed on

Plaintiffs' minimum wage and overtime pay claims for the full three-year statute of limitations

period, plus liquidated damages equal to 10% of that amount, or 56% of the backpay and full

liquidated damages under the FLSA."  *Id.*  The Court agrees with others in this district that such a

settlement "would not appear to be one that is a product of employer 'overreaching.'"  *Carillo*, 51

F. Supp. 3d at 134.

Felts argues that Plaintiffs' counsel and Defendant misapplied the above formula in her

case because they used incorrect information about her year-end income.  *See* ECF No. 31 at 1.

This argument does not dissuade the Court from finding that the settlement is fair for several rea-

sons.  To begin with, Felts does not support her argument with documentary evidence, which

should be readily available.  All she attaches as evidence of this miscalculation is a copy of her

amended W-2 form, which in any event is almost completely redacted.  *See* ECF No. 31-3 at 2;

ECF No. 34-4 at 2.  Thus, there is no evidence before the Court that backs up her claim that incor-

rect information was used to calculate her settlement amount.[2]  And even if there were, Felts has

not shown that any incorrect information impacted the agreed-upon settlement formula for her, or

the agreement as a whole, so as to render the agreement fundamentally unfair.  In fact, the record

suggests otherwise.  Felts does not, for example, contest that the settlement's formula "provides

---

[2] Felts also says that the "variance is evidenced by Defendants Payroll spreadsheet and Plaintiffs individual Sequoia time records," but she does not attach either.  ECF No. 31 at 1–2.

total damages closer to that asserted by the plaintiffs than the defendants." ECF No. 18-1 at 8. And Felts signed the settlement agreement even with this supposed miscalculation and "did not request changes to the previously agreed-upon monetary amounts." ECF No. 22 at 3. In fact, at one point, Felts told Plaintiffs' counsel that the final sum negotiated was "three times" what she expected. *See* ECF No. 33 at 2.

Finally, although there are "no serious impediments to the collection of a judgment should this case go forward," by settling, Plaintiffs—none of whom object except Felts—will recover now and will not face any further litigation-related delay. ECF No. 18-1 at 9.

As for the award of attorneys' fees and expenses, the hours for which reimbursement is sought are reasonable, the fees provided under the settlement represent a significant discount from Plaintiffs' counsel's current lodestar, and the expenses were incurred during this litigation. ECF No. 18-1 at 11-13; *see also* ECF No. 18-3. The Court notes that its "review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Carrillo*, 51 F. Supp. 3d at 134.

## III.   Conclusion

For all the above reasons, the Court will approve the settlement agreement. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 21, 2021